UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SURICO,<br><br>            Plaintiff,<br><br>    vs.<br><br>C/O VEGA, et al.,<br><br>            Defendants. | 1:11-cv-00762-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER<br>(Doc. 36.)<br><br>ORDER EXTENDING DISCOVERY DEADLINE FOR LIMITED PURPOSE DISCUSSED IN THIS ORDER<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION<br><br>**New Discovery Cut-Off Date:**     07/30/2013<br><br>**New Dispositive Motions Deadline:**     10/30/2013 |

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] (Docs 5, 25.) Therefore, the undersigned shall conduct any and all proceedings in the case, including trial and entry of final judgment.

---

[1] On May 18, 2011, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) Subsequently, on December 14, 2012, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 26.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

1   This case now proceeds on the First Amended Complaint, filed on May 29, 2012,
2 against defendants Tyler and Vega ("Defendants") for failure to protect Plaintiff, in violation of
3 the Eighth Amendment. (Doc. 12.)
4   On September 21, 2012, the Court issued a Scheduling Order establishing deadlines of
5 May 21, 2013 for completion of discovery, and August 1, 2013 for the parties to file pretrial
6 dispositive motions. (Doc. 21.) On November 21, 2012, Defendants filed a motion to dismiss,
7 which is pending. (Doc. 22.) This case is presently in the discovery phase.
8   On April 29, 2013, Defendants filed a motion to modify the Scheduling Order. (Doc.
9 36.)

10 **II.   MOTION TO MODIFY SCHEDULING ORDER**

11   Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P.
12 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,
13 Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the
14 modification of a scheduling order must generally show that even with the exercise of due
15 diligence, they cannot meet the requirement of the order. Id. The court may also consider the
16 prejudice to the party opposing the modification. Id. If the party seeking to amend the
17 scheduling order fails to show due diligence the inquiry should end and the court should not
18 grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087
19 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by
20 demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

21   Defendants request an extension of the discovery deadline for the purpose of taking
22 Plaintiff's deposition, if necessary, until thirty days after Defendants' pending motion to
23 dismiss is resolved. Defendants explain that if the motion to dismiss is successful, they will not
24 need to depose Plaintiff, and the time and resources to conduct a deposition will not need to be
25 expended.

26   The Court finds that Defendants have shown due diligence in filing their motion to
27 dismiss early in the discovery phase of this action, and in anticipating that the discovery
28 deadline will expire before the motion to dismiss is resolved, making it impossible for them to

know before the expiration of discovery whether it will be necessary to take Plaintiff's deposition.  Therefore, the Court finds good cause to extend the discovery deadline in this action for the limited purpose of Defendants taking Plaintiff's deposition, if necessary.  The Court also finds good cause to extend the dispositive motions deadline for all parties.  Thus, good cause appearing, Defendants' motion to modify the Discovery/Scheduling Order shall be granted.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Scheduling Order is GRANTED;
2. The deadline for the completion of discovery is extended from May 21, 2013 to **July 30, 2013**, for the limited purpose of Defendants taking Plaintiff's deposition, if necessary;
3. The deadline for filing and serving pretrial dispositive motions is extended from August 1, 2013 to **October 30, 2013**, for all parties to this action; and
4. All other provisions of the Court's September 21, 2012 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 1, 2013**                              **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE