UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SURICO,<br><br>        Plaintiff,<br><br>    vs.<br><br>C/O VEGA, et al.,<br><br>        Defendants. | 1:11-cv-00762-GSA-PC<br><br>ORDER STRIKING PLAINTIFF'S SURREPLY<br>(Doc. 30.)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br>(Doc. 22.)<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST REMEDIES<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.   BACKGROUND**

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] (Docs 5, 25.) Therefore, the undersigned shall conduct any and all proceedings in the case, including trial and entry of final judgment.

---

[1] On May 18, 2011, Plaintiff filed a form consenting to the jurisdiction of a Magistrate Judge. (Doc. 5.) Subsequently, on December 14, 2012, Plaintiff filed a form declining the jurisdiction of a Magistrate Judge. (Doc. 26.) Plaintiff may not withdraw his consent in this manner. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on

This case now proceeds on the First Amended Complaint, filed on May 29, 2012, against defendants Correctional Officer (C/O) Tyler and C/O Vega (collectively "Defendants") for failure to protect Plaintiff, in violation of the Eighth Amendment. (Doc. 12.)

On November 21, 2012, Defendants filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. 22.) On December 14, 2012, Plaintiff filed an opposition to the motion.[2] (Doc. 27.) On December 18, 2012, Defendants filed a reply to Plaintiff's opposition. (Doc. 28.) On January 7, 2013, Plaintiff filed a surreply. (Doc. 30.) Defendants' motion to dismiss is now before the Court.

## II.  PLAINTIFF'S SURREPLY

The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply,[3] and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Defendants' motion to dismiss was deemed submitted to the Court on December 21, 2012. Local Rule 230(l). Accordingly, Plaintiff's surreply, filed on January 7, 2013, shall be stricken from the record.[4]

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at California Correctional Institution (CCI) in Tehachapi, California. The events at issue in the Complaint occurred at North Kern State

---

its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion by the Court on July 9, 2012. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 16-1.) On November 21, 2012, the same date Defendants filed the motion to dismiss, Defendants provided Plaintiff with another notice of the requirements for opposing an unenumerated Rule 12(b), pursuant to Wyatt. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). (Doc. 23.)

[3] A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited November 5, 2012).

[4] The Court has reviewed the surreply. The surreply was not signed under penalty of perjury and therefore contains no admissible evidence, and the exhibits attached to the surreply were previously submitted by Plaintiff with his opposition. Thus, the surreply contains no new admissible evidence.

Prison (NKSP) in Delano, California, when Plaintiff was incarcerated there. Plaintiff's factual allegations follow.

On January 3, 2010, while housed on B-Yard at NKSP, Plaintiff was stabbed in the back and face by another inmate, a Sureno gang member, while eating dinner. Plaintiff was stabbed because he refused an order by the Sureno gang to stab another inmate. Plaintiff's refusal to stab the other inmate made Plaintiff "a marked man." (First Amd Cmp, Doc. 12 at 3 ¶IV.) Ten days prior to the attack, Plaintiff told C/O Tyler that he refused an order to stab another inmate, and that his life was therefore in danger. C/O Tyler told Plaintiff he would "look into it." (Id. at 5:1.) Over the next ten days, Plaintiff repeated his warning to C/O Tyler. On January 3, 2010, the day of the attack, the inmate who attacked Plaintiff, inmate Garcia, was allowed out of his cell all day as a volunteer worker. Just prior to Garcia's attack on Plaintiff, Plaintiff observed inmate Garcia talking to C/O Vega, the gun tower officer. Plaintiff specifically alleges that C/O Vega knew that inmate Garcia was a threat to Plaintiff.

Plaintiff requests monetary damages and injunctive relief.

**IV.    MOTION TO DISMISS FOR FAILURE TO EXHAUST**

    **A.    Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of

exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). In 2010, prisoners were required to submit appeals within thirty calendar days of the event being appealed at the first level of review. Id. at §§ 3084.7(a), 3084.8(b). Three levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.2(c),(d). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

**B.      Defendants' Motion**

Defendants move to dismiss this action on the ground that Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendants. Defendants argue that Plaintiff did not obtain any final, third level review of appeals since 2002, approximately eight years before the alleged incident. (Decl. of J. Lozano, Doc. 22 at 12 ¶4.)

Defendants also argue that Plaintiff did not file any prison grievances for at least a month following the incident at issue and did not file any appeals at NKSP. (Decl. of J. Ortega, Doc. 22 at 17 ¶4.)

Further, Defendants present evidence that Plaintiff submitted one grievance to the appeals coordinator at Sierra Conservation Center on February 22, 2010; however, the

///

grievance was screened out on February 22, 2010 because it was submitted to the wrong institution. (Dec. of M. Baldwin, Doc. 22 at 20 ¶5.)

### C. Plaintiff's Opposition

The Court looks to Plaintiff's opposition filed on December 14, 2012, the Complaint filed on May 11, 2011, and the First Amended Complaint filed on May 29, 2012.[5] (Docs. 1, 12, 27.)

In both of his complaints, Plaintiff states, without explanation, that his attempts at exhaustion were "Ignored." (Complaint, Doc. 1 at 2 ¶II.C; First Amd Cmp, Doc. 12 at 2 ¶II.C.) He also submitted a copy of a letter from the Inmate Appeals Branch (IAB)in Sacramento, dated April 5, 2012, advising Plaintiff that his appeal IAB#0917140 was rejected because it had not been "accepted and completed through the Second Level of Review on behalf of the Warden." (Exhibit to Complaint, Doc. 1 at 8.)

In his opposition, Plaintiff argues that he attempted to file grievances pursuant to the CDCR's appeals process, but he was unsuccessful because of lack of cooperation by prison officials. Plaintiff claims that while he was housed in D-Yard at NKSP, where he was housed after being stabbed, he handed a CDCR 602 grievance to defendant C/O Tyler, who crossed out portions of the grievance, saying "This makes me look bad" and returned it to Plaintiff. (Opp'n, Doc. 27 at 1:21.) Plaintiff also claims that afterward, on January 13, 2010, he re-sent the grievance, which concerned the January 3, 2010 incident, to the appeals coordinator via inmate mail. (Exhibit to Opp'n, Doc. 27 at 3.)

Two weeks later, Plaintiff was transferred to the Sierra Conservation Center (SCC) in Jamestown. He asserts that he received no response to his prior grievance, so he sent a copy of the grievance to the appeals coordinator in an attempt to process it. (Id. at 3-4.) It was returned to Plaintiff stamped and dated, yet with no reply. (Id. at 4.) Plaintiff then wrote to the appeals

---

[5] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint and First Amended Complaint under penalty of perjury and therefore they contain admissible evidence. Plaintiff's opposition filed on December 14, 2012, was not signed under penalty of perjury and therefore does not contain admissible evidence.

office in Sacramento and received a response telling him he should start over at step one. (Id. at 5.) Plaintiff then filed a government claim, which was accepted but denied.

### D. Discussion

Because the incident at issue occurred on January 3, 2010 at NKSP, Plaintiff had 30 calendar days, or until February 2, 2010, to submit a prison grievance at NKSP. Cal.Code Regs., tit 15 § 3084.8(b) (2010). Defendants have shown an absence of records of any grievance submitted by Plaintiff at NKSP before the 30 day deadline expired. NKSP records do not reflect any grievances filed by Plaintiff before he was transferred to SCC on January 26, 2010. (Decl. of J. Ortega, Doc. 22 at 17 ¶4.) Plaintiff attempted to file a grievance at SCC; however, it was screened out at the first level on February 22, 2010, with the notation, "We do not keep track of other institutions' appeals. You will have to mail this appeal yourself." (Dec. of M. Baldwin, Doc. 22 at 20 ¶5, Exhibit at 22.) Even if this grievance had been filed at the proper institution, it was filed after the 30 day deadline. Moreover, there is no evidence that the grievance submitted at SCC concerned the January 3, 2010 incident at issue.

Defendants have shown that Plaintiff did not complete any appeal through the Level III review since 2002. (Doc. 22 at 12 ¶4, 14 (Exh.)) However, a third level response is not necessary to satisfy the exhaustion requirement and the mere absence of a third level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question now is whether Plaintiff exhausted all of the remedies that were made available to him.

Even if Plaintiff's assertion is true -- that sometime between January 3, 2010 and January 13, 2010, defendant Tyler purposely failed to process the grievance Plaintiff handed to

him at NKSP – this failing does not excuse Plaintiff from exhaustion, because he still had time to re-submit the grievance at NKSP before the 30 day deadline expired. In fact, Plaintiff claims that he did re-submit the grievance on January 13, 2010, via inmate mail at NKSP, but received no response. Plaintiff claims that he followed up with an inquiry; however, the only evidence submitted by Plaintiff is a copy of an inquiry stamped "received" by the IAB on February 26, 2010. (Exhibit to Opp'n, Doc. 27 at 3-4.) There is no any admissible evidence that Plaintiff submitted a grievance at NKSP or followed up at NKSP.

Plaintiff's evidence shows that he submitted an appeal for Level III review at the IAB in Sacramento on February 26, 2010. (Complaint, Doc. 1 at 2 ¶II.C, and Exhibit at 8.) However, the appeal was screened out on April 5, 2010 because it had not been completed through the Second Level of review. (Id.)

Based on the foregoing, Plaintiff has not shown that he exhausted his remedies using the process required by the CDCR, or that he exhausted all of the remedies made available to him.

**V.   CONCLUSION**

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action. Plaintiff has not shown that he exhausted all the remedies available to him. Therefore, Defendants are entitled to dismissal of this action, and Defendants' motion to dismiss shall be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's surreply, filed on January 7, 2013, is STRICKEN from the record;
2. Defendants' motion to dismiss, filed on November 21, 2012, is GRANTED;

///
///
///

3. This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies before filing suit; and

4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **June 6, 2013**               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE